BEN SCHUH *et al.* Appellants, *vs.* J. W. REED *et al.* Appellees.

*Opinion filed June 18, 1913.*

1. DRAINAGE—*procedure outlined in sections 51 and 52 of the Farm Drainage act must be followed in organizing district by user.* The procedure outlined and the conditions specified in sections 51 and 52 of the Farm Drainage act must be followed and complied with upon the hearing of a petition to organize a special drainage district under section 76 of such act, providing for districts by user.

2. SAME—*no district can be organized if the cost will exceed the benefits.* Under the constitutional provision authorizing drainage legislation the aggregate amount of the assessments must not exceed the benefits to the property assessed, and such condition must therefore apply to all proceedings for the organization of drainage districts under statutory authority.

3. SAME—*district by user cannot be organized if cost will exceed the benefits.* The organization of a drainage district under section 76 of the Farm Drainage act differs from the organization of other districts provided for in the act only in that one land owner may petition for such organization if the necessary jurisdictional facts are shown to exist, and in that the other land owners who have constructed and joined their ditches, as therein specified, are held to have consented to be united in a district; but this consent is limited to such a district as may be organized under the constitution, and if, upon the hearing of the petition, it appears that the cost of the proposed work will exceed the benefits, the petition should be dismissed.

4. COSTS—*duty of party who feels aggrieved by taxing of costs by the clerk.* Under section 26 of the Costs act one who feels himself aggrieved by the taxation of costs by the clerk should apply to the court in which the proceeding was had to re-tax the costs according to law; and this is true though the objectionable item was taxed as costs by the clerk in pursuance of a direction of the court in its written order.

5. SAME—*direction to clerk to tax item as costs is not reviewable on appeal.* A direction by the county court to the clerk to tax the bill of the court reporter as part of the costs of a proceeding to organize a drainage district is not a final order from which an appeal can be taken; nor is such direction reviewable on appeal from the order dismissing the petition to organize the district.

APPEAL from the County Court of Shelby county; the Hon. J. K. P. GRIDER, Judge, presiding.

TAYLOR & TAYLOR, and HEADEN & HEADEN, for appellants.

JOHN E. HOGAN, and GEORGE T. WALLACE, for appellees.

Mr. CHIEF JUSTICE COOKE delivered the opinion of the court:

This is an appeal from an order of the county court of Shelby county dismissing a petition for the organization of a special drainage district under section 76 of the Farm Drainage act. (Hurd's Stat. 1911, p. 925.) Said section 76, commonly known as the "User act," is as follows:

"Where two or more parties owning adjoining lands which require a system of combined drainage, have by voluntary action constructed ditches which form a continuous line, or line and branches, the several parties shall be liable for their just proportion of such repairs and improvements as may be needed therefor, the amount to be determined as near as may be on the same principle as if these ditches were in an organized district. Whenever such repairs and improvements are not made by voluntary agreement, any one or more owning parts of such ditch shall be competent

to petition for the formation of a drainage district to include the lands interested in maintaining these ditches. The petitioner or petitioners for the formation of such district must show to the satisfaction of the court that his or their land is damaged through the lack of proper repairs or improvements to said ditch or drain. The form of procedure and the conditions heretofore prescribed in this act shall be observed as near as practicable; but the ditches shall be taken as a dedication of the right of way, and their construction and joining as the consent of the several parties to be united in a drainage district. These ditches, if open, shall be made tile drains when practicable."

Although the record discloses that the testimony of witnesses was taken on the hearing, the bill of exceptions does not contain this testimony or any of the evidence offered. The only matters complained of are, that the court found by its written order that the cost of the proposed work will exceed the benefits to be derived therefrom, and directed the clerk, in the written order, to allow the bill of the reporter for her work in taking the testimony as a part of the costs of the proceeding.

Appellants were the petitioners below, and their contention is, that in a proceeding to organize a drainage district by user under said section 76 the court has no jurisdiction to determine whether the cost of the proposed work will exceed the benefits to be derived therefrom, and that the judgment dismissing the petition, based upon such finding, is erroneous. According to this contention the county court, in a proceeding to organize a special drainage district under said section 76, is only empowered to determine whether the owners of the lands involved have by voluntary action constructed ditches which form a continuous line or line and branches and have thereafter failed to make the necessary repairs and improvements by voluntary agreement, and that the lands of petitioners are damaged through the lack of such necessary repairs to the ditches or drains.

Section 76 is the only part of the Farm Drainage act which has specific reference to the formation of a district by user. It provides, however, that the form of procedure and the conditions theretofore prescribed in the Farm Drainage act shall be observed, as near as practicable, in the formation of such districts. By other provisions of the Farm Drainage act the steps required to be taken for the formation of special drainage districts upon the petition of the requisite number of land owners is set out in detail. Sections 51 and 52 provide for the method of conducting the hearing on such petition, and specify the matters which must be determined and found by the county court before the district can be declared organized or the petition dismissed. By those sections the court first determines the sufficiency of the petition, and if it is found to be sufficient three commissioners are appointed for the district by the court, who shall at once proceed to examine the lands of the proposed district, employ a civil engineer (if necessary) to make surveys and estimates, and shall then make out and file with the clerk of the court a full report of their acts, together with all proper maps, plats, surveys and estimates made or caused to be made by them, together with such recommendations as they may deem advisable. At the time of the appointment of such commissioners the court is required to fix a time for the hearing on their report and to complete the organization of the district. At the time fixed for such hearing all persons interested are entitled to be heard upon any questions, matters or things touching the report and the organization of the district, and the court shall hear the testimony of all witnesses introduced. If upon such hearing the court shall find that the cost of the proposed work will exceed the benefits to be derived therefrom, it shall enter an order to that effect and dismiss the petition.

Appellants contend that only such portions of said sections 51 and 52 as provide for the determination of the

sufficiency of the petition and the truthfulness of the jurisdictional facts therein alleged are applicable to a petition filed under section 76, their position being, that the land owners having consented to be united in a drainage district by constructing and joining their ditches, the court, upon determining that the ditches have been so joined and not repaired, to the damage of the petitioners, must thereupon enter an order organizing the district, without any inquiry as to the cost of the proposed work or the benefits to be derived therefrom.

We are of the opinion that the procedure outlined and the conditions specified in said sections 51 and 52 must be followed and complied with upon the hearing of a petition for the organization of a special drainage district under said section 76. One of the main provisions of the Farm Drainage act, and one which is applied in every proceeding for the formation of drainage districts, is, that such districts can only be organized where it is shown, prior to the final organization, that the cost of the proposed work will not exceed the benefits to be derived therefrom. The authority of the legislature to enact laws providing for the organization of drainage districts is derived from section 31 of article 4 of the constitution. This section of the constitution does not authorize the legislature to provide for the organization of a drainage district wherein the cost of the improvement will exceed the benefits to be derived therefrom, as under this constitutional provision the aggregate amount of assessments, including the original assessment and all special assessments, must not exceed the benefits to the property assessed. (*Winkelmann* v. *Drainage District,* 170 Ill. 37; *Havana Township Drainage District* v. *Kelsey,* 120 id. 482.) The legislature has been careful throughout the Farm Drainage act to provide against the organization of a district where the cost of construction will exceed the benefits to be derived from the work, but the construction contended for by appellants would make

said section 76 an exception to this general purpose. If this section is to be construed to mean that the construction and joining of the ditches by the several parties shall be taken as their consent to be united in a drainage district, without regard to whether the cost of the work would exceed the benefits, then it would be possible to force the organization of drainage districts which could perform no function whatever. We apprehend that the legislature did not contemplate the formation or organization of drainage districts in territory where no improvement whatever could be made because of the lack of benefits to be derived from the work. We are of the opinion that said section 52 governs in the organization of special drainage districts under said section 76. The organization of a drainage district under said section 76 differs from the organization of the other districts provided for by the Farm Drainage act only in that one land owner may petition for the organization of the district if the jurisdictional facts necessary for the formation of the district can be shown, and the other owners who have constructed and joined their ditches as therein specified are to be held as having consented to be united in a drainage district. This consent, however, is only that they may be united in a district which can be organized and maintained under the constitution. If no system of drainage can be adopted in the district which would cost less than the benefits to be derived therefrom, then a drainage district in that territory could not be legally organized and maintained. The finding by the court that the cost of the proposed work as recommended by the commissioners would exceed the benefits to be derived therefrom was a proper and necessary one, and having so found, the petition was properly dismissed.

Complaint is made that the court in its written order directed the clerk to allow, as a part of the costs, the bill of the court reporter. Section 25 of the Costs act authorizes and requires the clerk of the court to tax and subscribe

all bills of cost arising in any cause or proceeding, and section 26 provides that if any person shall feel aggrieved by the taxation of any bill of costs by the clerk he may apply to the court in which the action or proceeding was had, to re-tax the same according to law. (Rev. Stat. 1874, p. 300.) Appeals in drainage cases can only be taken to this court from final orders or judgments. The order here appealed from is that dismissing the petition at the cost of the petitioners. A direction to the clerk to tax certain items as costs in the proceeding is not a final order, or judgment from which an appeal can be taken. Under said section 25 of the Costs act the duty of taxing the costs devolves, in the first instance, upon the clerk, and with this the court originally has nothing to do. (*Miller* v. *Adams,* 4 Scam. 195.) The precise question here raised was determined in the case just cited, and in passing upon it we there said: "The error here sought to be corrected is said to exist, not in the judgment of the court or the taxation of costs by the clerk, but in the instruction of the court, on which the clerk is supposed to have acted. The proposition submitted is a mere abstract one. If this court differed with the circuit court in reference to the instruction given by it to its clerk, we possess no power to review or reverse that instruction. The clerk might alike disregard the opinion of the circuit court, and the dissenting opinion of this court, as being wholly extra-judicial. Any judgment of this court ordering the taxation of the travel fees claimed by the witness (Moreland) as costs against the defendant would operate, if at all, not upon any judgment of the circuit court, but upon the taxation of costs by the clerk, and would be simply a re-taxation of costs, which this court has no power to make." Appellants should have availed themselves of their right, under the statute, to have the costs re-taxed.

The judgment of the county court is affirmed.

*Judgment affirmed.*